IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILLIPS RANDOLPH ENTERPRISES, LLC.,  )
an Illinois Limited Liability         )
Company, individually and on behalf   )
of all others similarly situated,     )
                                      )  No. 06 C 5111
        Plaintiff,                    )
                                      )
    v.                                )
                                      )
ADLER-WEINER RESEARCH CHICAGO, INC.,  )
an Illinois Corporation; **ADLER-**   )
**WEINER RESEARCH ORANGE COUNTY, INC.**, )
a California Corporation; **ADLER-**  )
**WEINER RESEARCH, L.A., INC.**, a    )
California Corporation; **SCOTT D.**  )
**WEINER**; and **JOHN DOES 1-10**,   )
                                      )
        Defendant.                    )

## MEMORANDUM OPINION AND ORDER

Defendants Adler-Weiner Research Chicago, Inc., Adler-Weiner Research Orange County, Inc., Adler-Weiner Research, L.A., Inc., and Scott Weiner (collectively "defendants") have moved to dismiss plaintiff Phillips Randolph Enterprises, LLC's ("Phillips") complaint ("the complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges that on May 31, 2006, defendants transmitted an unsolicited facsimile ("fax") advertisement in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 (2006).[1] Plaintiff also asserts a class action on behalf of itself and all others who received the

---

[1]Plaintiff initially filed a three count complaint, but subsequently withdrew counts II and III.

fax from defendants. The fax at issue is attached as Exhibit A to the complaint. For the following reasons, defendants' motion is granted.

I.

In assessing defendants' 12(b)(6) motion to dismiss, I must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). Documents attached to the complaint are considered part of the complaint. *Id.* (citing Fed. R. Civ. P. 10(c)). I must view the allegations in the light most favorable to the plaintiff. *Id.* Dismissal under Rule 12(b)(6) is proper if the plaintiff can prove no set of facts to support its claims. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

II.

Defendants argue the fax at issue here does not fall within the scope of the TCPA. The TCPA prohibits the use of any telephone facsimile machine, computer or other device to send an "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5). Congress' primary purpose in enacting the TCPA was to prevent the shifting of advertising costs to recipients of unsolicited fax advertisements,

2

and therefore does not apply to other forms of communication transmitted by fax. *See* H.R. Rep. No. 317, at 10, 102d Cong., 1st Sess. 25 (1991); *see also Destination Ventures, Ltd. v. Fed. Communications Comm'n*, 46 F.3d 54, 56 (9th Cir. 1995); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1166, 1170 (S.D. Ind. 1997). However, "messages that do not promote a commercial product or service . . . are not solicited advertisements under the TCPA." *In re Matter of Rules & Regs. Implementing the Tel. Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3783, at 3810 (April 6, 2006).

The issue here is whether the fax sent by defendants promotes the "commercial availability" of a product or service. In relevant part, the fax states:

> Attention: <u>Business Owners & Business Decision Makers</u>
> Adler Weiner Research is currently inviting business owners or business decision makes to participate in a research discussion on the topic of a new HEALTHCARE PROGRAM sponsored by The Chicagoland Chamber of Commerce
> . . .
> HONORARIUM: ***$200.00 CASH ***
> If you are interested in participating in this research study, please call to see if you qualify between the hours of 9:00 am to 4:30 pm.

(Compl. Exh. A.) Plaintiff argues that the fax advertises a "service" in the form of a "research discussion" on a healthcare program. Plaintiff furthers this is akin to a "free seminar" or similar service which serves as a pretext to advertise commercial products and services, and falls within the scope of the TCPA.

I disagree with plaintiff. On its face, the fax does not

3

promote a "commercially available service," but a research study. *See Ameriguard, Inc., v. Univ. of Kansas Med. Ctr. Research Inst.*, No. 06-0369-CV-W-ODS, 2006 WL 1766812, at *1 (W.D. Mo. June 23, 2006) (fax advertising clinical research trial for diabetes was outside the scope of TCPA). This is distinct from the fax at issue in the case cited by plaintiff. *Kenro*, 962 F. Supp. at 1170-71. In *Kenro*, the defendant faxed a publication entitled the "Fax Daily," which contained "approximately 30 to 50 percent advertising" and "two of the three-page edition . . . consist[ed] entirely of coupons and 'classified' advertisements." *Id.* at 1171. The court also noted that "each edition of Fax Daily . . . encourage[d] readers to advertise in the Fax Daily and to 'take advantage of [the merchants'] 'money-saving offers.'" *Id.* (alterations in original).

Plaintiff's comparison to a pre-textual free seminar is also misguided. First, the complaint does not allege that the fax was a pretext to an advertisement. *See* H.R. Rep. 317, at 3815 ("any surveys that serve as a pretext to an advertisement are subject to the TCPA[]"). The complaint only alleges that defendants' "products or services were advertised in the fax." (Compl. at ¶ 14.) The only product or service that plaintiff identifies is the "research discussion." There are no additional allegations addressing whether defendants advertise any products or services at those discussions, or that defendants are in the business of

4

advertising products or services in those discussions. *See Ameriguard*, 2006 WL 1766812 at *1. Second, unlike an advertisement, the fax is not an indiscriminate, open-ended invitation. Instead, the fax makes clear individuals interested in participating in the research study must be qualified and are pre-screened. *See id.; Lutz Appellate Servs., Inc. v. Curry*, 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax advertising job openings was outside the scope of TCPA).

III.

For the foregoing reasons, defendants' motion to dismiss is granted.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: January 30, 2007